Charles P. COWLEY, Petitioner,

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 02–3128.

United States Court of Appeals, Federal Circuit.

June 7, 2002.

Before LINN, Circuit Judge, PLAGER, Senior Circuit Judge, and PROST, Circuit Judges.

PER CURIAM.

Charles P. Cowley seeks review of the final decision of the Merit Systems Protection Board ("Board") denying his petition for review of an initial decision by the administrative judge on the ground that it was untimely filed. Because the Board did not abuse its discretion in finding that Mr. Cowley failed to establish good cause to excuse his untimely filing, we *affirm*.

I

Mr. Cowley worked as a GS–4 clerk for the Department of Treasury, Internal Revenue Service (the "agency") until his removal on May 19, 2001. *Cowley v. Dep't of the Treasury*, No. PH–0752–01–0320–I–1. On March 30, 2001, the agency issued a notice of proposed removal to Mr. Cowley based on his failure to report to work and his failure to contact his manager to request leave from November 16, 2000, through March 21, 2001. Mr. Cowley was notified that he had until April 7, 2001, to respond to the charges, which he did not do. The agency issued a decision to remove him. The decision letter, among other things, notified Mr. Cowley that he had thirty days, or until June 18, 2001, to file an appeal with the Board. Mr. Cowley, however, did not file his appeal until June 22, 2001, and it was therefore considered untimely.

The administrative judge issued an Acknowledgment Order notifying Mr. Cowley that he had an opportunity to show cause why his appeal was late. On August 2, 2001, the agency filed a motion to dismiss Mr. Cowley's appeal for untimeliness. Thereafter, the administrative judge notified Mr. Cowley of his burden of proof on the timeliness issue, and thus provided him a final opportunity to submit evidence and argument.

On October 31, 2001, the administrative judge granted the agency's motion to dismiss the appeal as untimely because Mr. Cowley failed to present good cause to excuse the late filing of his appeal. The administrative judge's decision became the

final decision of the Board when the Board denied Mr. Cowley's petition for review for failure to meet the criteria for review set forth in 5 C.F.R. § 1201.115(d). Mr. Cowley timely appealed to this court.

## II

To appeal an adverse agency action to the Board, an employee must file that appeal within thirty days after the effective date of the action. 5 C.F.R. § 1201.22(b) (2000). The administrative judge, however, may waive the time limit if the petitioner shows good cause for the delayed filing. 5 C.F.R. § 1201.22(c); *see Krizman v. Merit Sys. Prot. Bd.*, 77 F.3d 434, 438 (Fed.Cir.1996). This court will affirm the Board's decision that good cause has not been shown unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 7703(c) (2000); *see also Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed.Cir.1992) (en banc). A decision to waive the time limit is "committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Mendoza*, 966 F.2d at 653; *see also Krizman v. Merit Sys. Prot. Bd.*, 77 F.3d 434, 439 (Fed.Cir.1996) (holding that, in determining what constitutes good cause, the Board is interpreting its own regulations, and such interpretation is accorded "great deference").

This court has previously recognized the factors outlined in *Alonzo v. Department of Air Force*, 4 MSPB 262, 264, 4 M.S.P.R. 180 (1980) as to what constitutes good cause. *See Walls v. Merit Sys. Prot. Bd.*, 29 F.3d 1578, 1582 (Fed.Cir.1994) ("We ... have recognized the efficacy of the *Alonzo* factors in good cause determina-

tions by the Board."). Those factors include:

the length of the delay; whether the appellant was notified of the time limit or was otherwise aware of it; the existence of circumstances beyond the control of the appellant which affected his ability to comply with the time limits; the degree to which negligence by the appellant has been shown to be present or absent; circumstances which show that any neglect involved is excusable neglect; a showing of unavoidable casualty or misfortune; and the extent and nature of the prejudice to the agency which would result in the waiver of the time limit.

*Alonzo*, 4 MSPB at 264, 4 M.S.P.R. 180 (footnotes omitted).

Before the administrative judge, Mr. Cowley claimed that illness and anxiety attacks prevented him from timely filing his appeal. Among other things, Mr. Cowley asserted that because of a broken shoulder he was "unable to return with the completion of my paperwork for my appeal."[1] Mr. Cowley submitted a doctor's note on August 21, 2001, in which the doctor explained that Mr. Cowley had been placed in a shoulder immobilizer and was severely limited for a period of six to eight weeks.

The administrative judge, however, concluded that although Mr. Cowley claimed he suffered from a broken shoulder and had other illnesses, he had failed to explain how the shoulder injury or those illnesses prevented him from filing a timely appeal. Thus, applying the *Alonzo* factors, the administrative judge held that Mr. Cowley failed to show good cause to excuse the

---

1. Mr. Cowley also submitted doctor's notes claiming other illnesses from November 2000 through February 2001 that he alleged prevented him from timely filing an appeal. As the administrative judge correctly noted, however, the illnesses he described did not cover the periods in question, namely, May 19, 2001, through June 18, 2001.

late filing. We agree. This court does not determine whether good cause has been shown. Rather, this court's responsibility is to determine whether the Board has abused its discretion in such a determination. *See Mendoza,* 966 F.2d at 653. Because Mr. Cowley failed to carry the heavy burden of establishing that the Board abused its discretion in finding that he failed to show good cause from making a timely appeal, we affirm.